***********
The undersigned have reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Houser. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Houser with minor modifications.
 *********** EVIDENTIARY MATTERS
At the hearing before the Deputy Commissioner, the plaintiff submitted a Workers' Compensation Insurance Application Form, which was admitted into the record, and marked as Plaintiff's Exhibit (1).
Also at the hearing before the Deputy Commissioner, defendants submitted the following:
a. Plaintiff's Answers to Defendants' Interrogatories, which were admitted into the record, and marked as Defendants' Exhibit (1);
b. A Business Automobile Endorsement Change Form, which was admitted into the record, and marked as Defendants' Exhibit (2);
c. A Correspondence from Privette Insurance Company dated August 4, 2000, which was admitted into the record, and marked as Defendants' Exhibit (3), and;
d. An Insurance Renewal Notice, which was admitted into the record, and marked as Defendants' Exhibit (4).
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties before the Deputy Commissioner are:
 STIPULATIONS
1. TD Landscaping L.L.C. is the employer, and employed three or more employees at all relevant times.
2. On all relevant dates, Ohio Casualty Group is the insurer.
3. At the hearing before the Deputy Commissioner, the parties submitted the following:
a. Articles of Organization for TD Landscaping L.L.C., which was admitted into the record, and marked as Stipulated Exhibit (1);
b. A May 26, 2001 Accident Report, which was admitted into the record, and marked as Stipulated Exhibit (2);
c. Documents relating to Plaintiff's Settlements with Third Parties, which were admitted into the record, and marked collectively as Stipulated Exhibit (3) as:
d. Plaintiff's Income Tax Return for 2000, which was admitted into the record, and marked as Stipulated Exhibit (4);
e. Plaintiff's Income Tax Return for 2001, which was admitted into the record, and marked as Stipulated Exhibit (5);
f. Workers' Compensation Insurance Policies and Accompanying Documents, which were admitted into the record, and marked collectively as Stipulated Exhibit (6);
g. An Industrial Commission Form 18, which was admitted into the record, and marked as Stipulated Exhibit (7);
h. An Industrial Commission Form 19, which was admitted into the record, and marked as Stipulated Exhibit (8), and;
i. Plaintiff's Medical Records, which were admitted into the record, and marked collectively as Stipulated Exhibit (10).
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Defendant-employer was initially created in 1993 as a partnership owned and operated by plaintiff and his son, Mr. Dennis C. Marshall. Defendant-employer performs landscaping work, including the clearing of lots, grading and concrete work. This work requires heavy physical labor.
2. Since defendant-employer's formation, plaintiff has also been engaged in the business of farming in Wake County. Similarly, during this period, Mr. Dennis C. Marshall has also been employed full time by the Raleigh Fire Department. Both Plaintiff and Mr. Dennis C. Marshall performed work in these other occupations while performing work for defendant-employer.
3. Throughout defendant-employer's existence, Mr. Dennis C. Marshall has possessed the sole responsibility for obtaining and maintaining insurance for the business. In this role, Mr. Dennis C. Marshall initially obtained workers' compensation insurance for defendant-employer when it was a partnership, as well as liability insurance and insurance for vehicles and equipment.
4. Insurance policies for defendant-employer have been purchased through the Privette Insurance Agency. This agency is a family run business owned by Ms. Teresa Mobley, who has twenty-five percent (25%) of the stock, Mr. Rodney Privette, who has twenty-five percent (25%) of the stock, and their mother, who has fifty percent (50%) of the stock. Defendant-employer's initial workers' compensation insurance policy was issued by Wausau Insurance Company. Prior to the issuance of that policy, Mr. Dennis C. Marshall executed a written document in which it was requested that he be excluded from coverage. This written document was signed by Mr. Dennis C. Marshall and was prepared by Ms. Mobley. At the hearing, Mr. Dennis C. Marshall testified that he made this request because he was of the opinion that he already had adequate insurance benefits through his job with the Raleigh Fire Department.
5. When Wausau Insurance Company did not renew its workers' compensation insurance in 2000, Mr. Dennis C. Marshall was contacted by Ms. Mobley in order to complete a new application for insurance coverage. Mr. Dennis C. Marshall then went to the Privette Insurance Agency, and completed a form with Ms. Mobley entitled "Workers Compensation Application." The applicant on this form was identified as Mr. Dennis C. Marshall d/b/a T D Landscaping, and was finalized on January 31, 2000. Mr. Dennis C. Marshall signed the form acknowledging his request to be excluded from coverage.
6. Thereafter, defendant-carrier issued a workers' compensation insurance policy effective from March 9, 2000 through May 5, 2000. This policy named Mr. Dennis C. Marshall as the named insured indicating the business was a sole proprietorship, when it was actually a partnership. The policy when issued did not exclude plaintiff from coverage. A copy of the policy was mailed to Mr. Dennis C. Marshall. No copy was mailed to plaintiff.
7. On April 12, 2000, defendant-employer was incorporated and became T D Landscaping, L.L.C. Mr. Dennis C. Marshall owned fifty-one percent (51%) of the company, while plaintiff owned forty-nine percent (49%). Following this change in its status, Mr. Dennis C. Marshall continued to be responsible for obtaining insurance for defendant-employer.
8. On May 5, 2000, defendant-carrier renewed defendant-employer's workers' compensation insurance, and a new policy was issued that was effective through May 5, 2001. This renewed policy continued to exclude Mr. Dennis C. Marshall from coverage, but did not exclude plaintiff. A copy of the policy was mailed to Mr. Dennis C. Marshall. No copy was mailed to plaintiff.
9. On August 4, 2000, Mr. Dennis C. Marshall met with Ms. Mobley to address the addition of a piece of equipment to defendant-employer's equipment insurance policy. At this meeting, he and Ms. Mobley also discussed the change in defendant-employer's name with its incorporation in April 2000. Defendants, as supported by the testimony of Ms. Mobley, contend that during this meeting, Mr. Dennis C. Marshall asked Ms. Mobley to exclude not only himself, but plaintiff as well due to the expense associated with workers' compensation coverage for executive officers. However, plaintiff, as supported by the testimony of Mr. Dennis C. Marshall, contends that the exclusion of plaintiff was not requested, and not even discussed. In support of his contention, plaintiff refers to Defendants' Exhibit (2), on which Ms. Mobley made several handwritten notations at the meeting, none of which refer to the exclusion of plaintiff from coverage. Additionally, plaintiff notes that Mr. Dennis C. Marshall did not execute or sign any document indicating that he wanted to exclude plaintiff from coverage, or one that acknowledged such a request.
10. Subsequent to the meeting of August 4, 2000, Ms. Mobley wrote to defendant-carrier. This correspondence states "[p]lease amend named insured to read: TD Landscaping, LLC (insured, Dennis Marshall is President with 51% ownership and Grover T. Marshall with 49% ownership, as Vice President). He has now had all titles to vehicles changed over." A post-script to the correspondence reads, "For Workers Comp. please note that both owners, Dennis Marshall and Grover Marshall are to be excluded in coverage." A copy of this correspondence was not forwarded to either Mr. Dennis C. Marshall or to plaintiff.
11. Defendant-carrier then renewed defendant-employer's workers' compensation insurance policy for on May 5, 2001, with the policy being effective through May 5, 2002. A copy of the policy with accompanying documents was mailed to Mr. Dennis C. Marshall. No copy was mailed to plaintiff. These documents are part of the record. The copy that was mailed to Mr. Dennis C. Marshall contains what plaintiff contends are two contradictory endorsements, both of which are entitled "Partners, Officers and Others Exclusion Endorsement." One indicates that only Mr. Dennis C. Marshall had been excluded from coverage. A second endorsement indicates that both Mr. Dennis C. Marshall and plaintiff were excluded from coverage. Plaintiff further asserts that the inclusion of these endorsements was confusing. However, Mr. Dennis C. Marshall testified at the hearing before the Deputy Commissioner that he did not read any of the documents contained in this insurance renewal packet, and accordingly, the undersigned gives little, if any, weight to plaintiff's contention that the endorsements were "confusing."
12. In this matter, plaintiff asserts that Ms. Mobley is biased against him and his son because of the large amount of premiums her agency receives as the result of its work with defendant-carrier as compared to the premiums received from defendant-employer. However, no evidence of any intentional wrongdoing or malfeasance on the part of Ms. Mobley in connection with the policy renewal in question has been presented.
13. Based upon the credible evidence of record, once an initial application for workers' compensation insurance is made with a particular company, no additional formal applications need be completed when the policy is renewed. This accounts for there being a document signed by Mr. Dennis C. Marshall that acknowledges his request not to be covered with the initial application for insurance procured from defendant-carrier, and there not being such a form when the policy was renewed on May 5, 2001. This also reasonably explains the multiple endorsements attached to the renewed policy. These endorsements chronologically document, or trace, the history of the policy. When endorsement (1) was executed, there is no dispute that only Mr. Dennis C. Marshall was intended to be excluded from coverage. The second endorsement reflects modifications in the policy when it was renewed following the change in defendant-employer's status, including the disputed exclusion of plaintiff from coverage.
14. The fact that plaintiff was never mailed copies of insurance related documents is of no probative significance given the well established and acknowledged role of Mr. Dennis C. Marshall in procuring all insurance for defendant-employer.
15. On May 26, 2001, plaintiff was performing landscaping and other functions related to defendant-employer's business. In connection with this work, plaintiff traveled to a store to obtain supplies and was involved in a motor vehicle accident. Then, while sitting on the tailgate of his truck parked on the side of the road awaiting the police, a drunk driver struck plaintiff's vehicle. This second vehicle accident resulted in life threatening injuries to plaintiff and the eventual amputation of his left leg.
16. According to the insurance documents at issue, plaintiff has been excluded from workers' compensation coverage since August 4, 2000. Additionally, plaintiff remained excluded from coverage subsequent to his tragic injury of May 26, 2001.
17. Based upon the totality of the credible evidence of record, the undersigned find that the more reasonable inference regarding the renewal in question is that Mr. Dennis C. Marshall did request that executive officers, meaning both himself and plaintiff, be excluded from coverage.
18. On May 26, 2001, plaintiff was excluded from defendant-employer's workers' compensation insurance policy.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes the following:
 CONCLUSIONS OF LAW
1. On May 26, 2001, plaintiff was an executive officer of defendant-employer and as such was excluded from coverage under defendant-employer's workers' compensation insurance policy. N.C. Gen. Stat. § 97-2(2).
2. Accordingly, plaintiff is not entitled to any workers' compensation benefits as a result of his accident on May 26, 2001. Id.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Under the law, plaintiff's workers' compensation must be, and is HEREBY DENIED.
2. No costs are assessed at this time.
This the ___ day of December 2004.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER